UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

JENNIFER A. BRITTON,
          Appellant,

      v.

DEPARTMENT OF
  TRANSPORTATION,
          Agency.

DOCKET NUMBER
CH-0752-16-0492-I-1

DATE: January 20, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Bernard K. Weiler, Esquire, Sugar Grove, Illinois, for the appellant.

Lauren Hoyson, Esquire, and Virginia C. Costello, Esquire, Des Plaines,
    Illinois, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    In February 2016, the agency's regional flight surgeon determined that the appellant, an Air Traffic Control Specialist, AT-2152-EH, was no longer medically qualified to perform the duties of her position.  Initial Appeal File (IAF), Tab 5 at 7-8.  The appellant did not request reconsideration of the regional flight surgeon's determination and informed the agency that she wished to seek other employment in the region.  *Id.* at 10-11.  Also in February 2016, the agency reviewed staffing at the appellant's facility and did not locate any vacant positions for which she was qualified.  *Id.* at 10.  According to the appellant, she undertook her own search for a position and applied and interviewed for multiple positions within the agency, without agency assistance.  IAF, Tab 1 at 5.  The appellant applied for and was offered a position as an Air Traffic Assistant, FV‑2154-F.  IAF, Tab 5 at 17-18.  The salary for the new position was $17,904 less than the appellant's original salary and reduced both her basic and locality pay.  *Id.* at 23.  The appellant requested that the agency restore some or all of the pay difference, stating that the agency previously had done so for other employees

moving to different positions within the agency. *Id.* at 22. The agency declined to provide any additional pay, stating that the selection was competitive and voluntarily accepted by the appellant. *Id.* at 21. In June 2016, the appellant accepted and was reassigned to the Air Traffic Assistant position at the lower pay rate. *Id.* at 20, 23.

¶3     The appellant timely filed a Board appeal alleging that she was subjected to an involuntary reduction in pay. IAF, Tab 1 at 3, 5. Specifically, she alleged that she had to take the Air Traffic Assistant position, and hence a pay cut, because she was near the end of the 1-year period after losing her medical clearance before she was removed from the agency, and that the agency did not assist her in locating a position and had discriminated against her because of her mental illness.[2] *Id.* at 5. She did not request a hearing. *Id.* at 2. The administrative judge issued an order notifying the appellant of the requirements to establish Board jurisdiction over her appeal and directing her to file evidence and argument establishing jurisdiction within 15 days of the date of the order. IAF, Tab 7 at 2−4. The agency moved to dismiss the appeal because the appellant failed to make a nonfrivolous allegation of jurisdiction, as she voluntarily sought and accepted the Air Traffic Assistant position. IAF, Tab 8 at 5-7. The appellant did not respond to the administrative judge's order or to the agency's motion. IAF, Tab 9, Initial Decision (ID) at 3. The administrative judge issued an initial decision based on the written record, in which she found that the appellant's acceptance of the Air Traffic Assistant position was voluntary and dismissed the appeal for lack of jurisdiction. ID at 3-5.

---

[2] In its response to the appellant's petition for review, the agency asserts that at the time of her initial appeal, the appellant was pursuing the same claims of discrimination made in her Board appeal before the Equal Employment Opportunity Commission (EEOC). Petition for Review (PFR) File, Tab 3 at 8. Neither party has provided any further information or documentation regarding the appellant's alleged EEOC claim and whether she was informed of the requirement to elect either to appeal to the EEOC or to the Board. *See, e.g., McCoy v. U.S. Postal Service*, 108 M.S.P.R. 160, ¶ 14 (2008).

¶4    The appellant timely filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response opposing the petition, to which the appellant has filed a reply.  PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    It is undisputed that the appellant applied for and was offered the Air Traffic Assistant position, at a lower pay rate than her original position, which she accepted.  IAF, Tab 1 at 5.  An employee-initiated action is presumed to be voluntary, and the Board does not have jurisdiction over voluntary actions. *Soler-Minardo v. Department of Defense*, 92 M.S.P.R. 100, ¶ 5 (2002).  However, an appellant may establish that an employee-initiated action was involuntary, and thus within the Board's jurisdiction, by presenting sufficient evidence that it was the result of duress or coercion brought on by the agency, or the result of her reasonable reliance on misleading statements by the agency.  *Harris v. Department of Veterans Affairs* 114, M.S.P.R. 239, ¶ 8 (2010); *Reed v. U.S. Postal Service*, 99 M.S.P.R. 453, ¶ 12 (2005), *aff'd*, 198 F. App'x 966 (Fed. Cir. 2006).  Coercion is present if the appellant can establish that she accepted a reduction in pay to avoid a threatened removal, and if she can further show that the agency knew or should have known that the action could not be substantiated. *Harris*, 114 M.S.P.R. 239, ¶ 8; *Soler-Minardo*, 92 M.S.P.R. 100, ¶ 6.  When, as here, the appellant has not requested a hearing, she must establish by preponderant evidence that the reduction in pay is within the Board's jurisdiction. *See Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 18 (2007) (stating that when the appellant has not requested a hearing, "the threshold question is . . . whether he has established by preponderant evidence that the Board has jurisdiction over his appeal").

<u>The administrative judge properly found that the appellant did not establish that her reduction in grade was involuntary and thus did not establish Board jurisdiction over her appeal.</u>

¶6   The appellant has not established by preponderant evidence that her acceptance of the Air Traffic Assistant position at a lower rate of pay was involuntary and thus within the Board's jurisdiction.  First, the appellant has not shown that she accepted the reduction in pay to avoid a threatened removal.  *See Harris*, 114 M.S.P.R. 239, ¶ 8.  Although the appellant suggested that she would have been removed from the agency 1 year after the loss of the medical clearance required for her original position, the record does not reflect that the agency in fact threatened to remove her.  IAF, Tab 1 at 5; *cf. Goldberg v. Department of Transportation*, 97 M.S.P.R. 441, ¶ 3 (2004) (noting that the appellant alleged that the agency's administrative officer told him several times that he would be separated from the agency if he did not accept the position offered).

¶7   The appellant also has not shown that the agency knew or should have known that a removal action, if taken, could not be substantiated.  *See Harris*, 114 M.S.P.R. 239, ¶ 8.  The appellant does not dispute that she was no longer medically qualified to perform the duties of her Air Traffic Control Specialist position.  IAF, Tab 1 at 5, Tab 5 at 7, 11.  Her medical inability to perform the duties of her original position could have served as the basis for a removal action. *O'Connell v. U.S. Postal Service*, 69 M.S.P.R. 438, 443 (1996).  The appellant further alleged in her appeal that the agency did not assist her in locating a position and that, had the agency assisted her, she would not have had to take such a large pay reduction.  IAF, Tab 1 at 5.  The record reflects that the agency performed a search for a vacant position for which she was qualified shortly after she informed the agency she wished to seek other employment within the agency. IAF, Tab 5 at 10.  The appellant has not shown that this search was deficient or that the agency otherwise failed to follow its policies regarding reassignment. IAF, Tab 1 at 5; *cf. Goldberg*, 97 M.S.P.R. 441, ¶ 9 (finding that the appellant

nonfrivolously alleged that his reassignment was involuntary when he alleged that, rather than being subject to removal following his medical disqualification, he was entitled to a position at the highest available grade or level at or below his current grade or level). Accordingly, we find that the appellant has not established that a removal action could not be substantiated and cannot show that her reduction in pay was coerced.

The appellant's allegations of discrimination do not establish that her reduction in pay was involuntary.

¶8 On review, the appellant appears to argue either that the administrative judge did not properly consider her discrimination claim in support of her argument that her acceptance of the Air Traffic Assistant position was involuntary, or that the Board has jurisdiction over her claim as a discriminatory nonselection for positions to which she applied prior to accepting that position. PFR File, Tab 1 at 4-5. Under either theory, the Board lacks jurisdiction over the appellant's claim.

¶9 To the extent the appellant argues that the administrative judge did not properly consider her allegation of discrimination in support of her claim that her acceptance of the Air Traffic Assistant position was involuntary, her argument is without merit. The appellant alleged below that she applied and interviewed for multiple positions prior to accepting the Air Traffic Assistant position; for the first time on review, she alleges that her failure to be hired for these positions was the result of disability discrimination. *Compare* IAF, Tab 1 at 5, *with* PFR File, Tab 1 at 4-5. The issue of the Board's jurisdiction is always before the Board and may be raised by either party or sua sponte by the Board at any time during a Board proceeding. *Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 5 (2010). Accordingly, we consider the appellant's arguments regarding discrimination as they pertain to the jurisdictional questions of coercion and involuntariness, but find they are insufficient to establish that her reduction in pay was coerced or involuntary.

¶10     When an appellant raises allegations of discrimination in connection with an involuntariness claim, evidence of discrimination may be considered only in terms of the standard for voluntariness in a particular situation, not whether such evidence meets the test for proof of discrimination established under Title VII. *Markon v. Department of State*, 71 M.S.P.R. 574, 578 (1996).  In other words, even if the agency's actions are discriminatory, the appellant still must show how those actions coerced the action at issue.  *Tripp v. Department of the Air Force*, 59 M.S.P.R. 458, 461 (1993).  The appellant has not presented evidence in support of her claim that her nonselection for the positions she applied for prior to accepting the Air Traffic Assistant position was as a result of discrimination, nor has she presented evidence to establish that a reasonable person would have felt compelled to accept the Air Traffic Assistant position following the nonselections.  *See Loredo v. Department of the Treasury*, 118 M.S.P.R. 686, ¶ 8 (2012) (concluding that the appellant had not presented sufficient evidence of religious discrimination that would establish that a reasonable person would have felt compelled to accept the demotion under the circumstances).

¶11     The appellant also appeared to raise a claim below that the agency failed to accommodate her when it did not assist her with locating a new position.  An appellant may establish that coercion is present when she proves that:  (1) the agency threatened to remove her; (2) she is a qualified disabled employee entitled to reasonable accommodation; and (3) the agency would not accommodate her disability.  *O'Connell*, 69 M.S.P.R. at 444.  Here, the record reflects that, following the regional flight surgeon's finding that she was no longer medically qualified to perform the duties of her original position, the agency conducted a search for a vacant position for which the appellant would qualify but did not find one.  IAF, Tab 5 at 10.  Although the appellant alleges for the first time on review that she was excluded from selection for higher-paying positions than the Air Traffic Assistant position, she has not set forth sufficient evidence to establish that she was entitled to be reassigned to a vacant position at a higher grade or pay

level.  IAF, Tab 1 at 5, PFR File, Tab 1 at 4-5; *cf. Goldberg*, [97 M.S.P.R. 441](), ¶ 9 (noting the appellant specifically alleged that there were two positions available after his medical disqualification and closer to his original rate of pay and grade than the position to which he was reassigned).  The appellant has not set forth any other evidence to establish that the agency would not accommodate her or otherwise establish that discrimination caused her to accept the Air Traffic Assistant position.

¶12        To the extent that the appellant argues that the basis for the Board's jurisdiction is the agency's discriminatory failure to select her for positions to which she applied following medical disqualification, she cannot establish jurisdiction.  An agency's failure to select an applicant for a vacant position is generally not appealable to the Board.  *Prewitt v. Merit Systems Protection Board*, [133 F.3d 885](), 886 (Fed. Cir. 1998).  Given this general lack of jurisdiction, the only circumstances under which an appellant may appeal a nonselection to the Board are through other statutory means, such as under the Veterans Employment Opportunities Act of 1998 (VEOA) or the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), or through an individual right of action appeal under the Whistleblower Protection Act (WPA) or the Whistleblower Protection Enhancement Act of 2012 (WPEA). *Becker v. Department of Veterans Affairs*, [107 M.S.P.R. 327](), ¶ 5 (2007).  The appellant did not raise any allegations under VEOA, USERRA, WPA, or WPEA, however, nor does she raise any such allegations on review.  IAF, Tab 1; PFR File, Tab 1.  Moreover, the Board cannot consider an affirmative defense of discrimination in the absence of an otherwise appealable action.  *See Hicks v. U.S. Postal Service*, [114 M.S.P.R. 232](), ¶ 13 (2010) (stating that allegations of discrimination and retaliation do not confer jurisdiction in the absence of an otherwise appealable action).  Accordingly, we find that the appellant's claims of discrimination do not establish Board jurisdiction.

¶13    We conclude that the administrative judge properly found that the appellant's allegations of coercion were insufficient to establish that her reduction in pay was involuntary, and we find that the appellant's arguments on review are without merit. Accordingly, we affirm the administrative judge's finding that the Board lacked jurisdiction over the appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:            /s/ for
_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.